IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN RICH, )
 )
        **Plaintiff**, )
 )
vs. ) CASE NO. 3:11-0362
 ) JUDGE CAMPBELL/KNOWLES
 )
 )
MARK CHRISTOPHER SEVIER, )
MARK CHRISTOPHER SEVIER )
D/B/A SEVERE RECORDS, SEVERE )
RECORDS, LLC, )
 )
        **Defendants.** )

## REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiff's "Motion to Remand." Docket No. 19. With the Motion, Plaintiff has filed a supporting Memorandum. Docket No. 20. The instant Motion was filed April 27, 2011.

Defendants have not filed a Response to the Motion. Local Rule 7.01(b) provides, "Failure to file a timely response shall indicate that there is no opposition to the motion." The Court notes, however, that the individual Defendant, Mark Christopher Sevier, is an attorney licensed to practice law in the State of Tennessee. *See http:/www.tbpr.org., accessed May 12, 2011.*

Defendants removed this action from "state Court . . . pursuant to 28 U.S.C. § 1331, 2201, and 2202." Docket No. 1. The Notice of Removal was filed April 15, 2011. While Defendants filed approximately 600 pages of documents as "Attachments" to the Notice, it does not appear that Defendants provided this Court with a copy of the Complaint filed in state Court,

as required by 28 U.S.C. § 1446(a).  The Notice of Removal also states in relevant part, "It has been less than 30 days since Mr. Sevier and Severe Records filed their Answer and Response to Mr. Rich's frivolous harassment Complaint for malicious prosecution."  Docket No. 1, p. 1.

With the instant Motion, Plaintiff has submitted a copy of the Complaint he filed in the Circuit Court for Davidson County, Tennessee (Docket No. 20-6), a copy of the Circuit Court Docket Sheet for that action (Docket No. 20-1), a copy of a Motion to Dismiss filed by Defendants in the State Court (Docket No. 20-2), a copy of a Memorandum in support of that Motion (Docket No. 20-3), a copy of an Order denying that Motion (Docket No. 20-4), and a copy of portions of a hearing transcript from the State Court held on March 4, 2011 (Docket Nos. 5, 7).

As Plaintiff correctly argues, this Court lacks subject matter jurisdiction of the instant action.  Defendants, who have removed this action to this Court, bear the burden of demonstrating that this Court has subject matter jurisdiction.  *Long v. Bando Mfg. of Am.,* 201 F.3d 754, 757 (6th Cir. 2000).  Defendants have completely failed to meet their burden.

Defendants' citation to 28 U.S.C. § 1331 in the Notice of Removal apparently is an attempt to invoke the Court's federal question jurisdiction, and Defendants also refer to "42 U.S.C. sec. 1983 and 1985."  Docket No. 1, p. 2.  Broadly read, the Notice of Removal appears to be based upon a theory that Defendants have counterclaims (that apparently were not asserted in the State Court action) based on §§ 1983 and 1985.

As the U.S. Supreme Court has stated, "The presence or absence of federal-question jurisdiction [in removal cases] is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the

plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987) (citation omitted); *Collins v. Blue Cross Blue Shield of Michigan*, 103 F.3d 35, 36-38 (6th Cir. 1996).

Plaintiff's Complaint is one for malicious prosecution and abuse of process. It raises no federal claims whatsoever. Defendants cannot remove this action based upon an argument that they have (or could have) raised federal questions in their Answer and/or Counterclaim.

It is also well-settled that 28 U.S.C. §§ 2201 and 2202 do not confer any jurisdiction upon the federal courts. *Skelley Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671 (1950); *Michigan Sav. & Loan League v. Francis,* 683 F.2d 960 (6th Cir. 1982).

Therefore, this Court lacks subject matter jurisdiction of this action.

Additionally, Defendants failed to seek removal of this action within thirty (30) days after their receipt of the initial pleading filed in state Court, as required by 28 U.S.C. § 1446(b). In fact, as discussed above, Defendants never alleged in the Notice of Removal that the Notice had been filed within thirty (30) days of service of the Complaint; instead, Defendants averred that the Notice of Removal had been filed within thirty (30) days of the filing of their Answer. That fact, however, is completely irrelevant to proper and timely removal under 28 U.S.C. § 1446(b).

Moreover, Defendants waived any right to removal that may have existed by their filing and pursuing of a Motion to Dismiss in the State Court. *See* Docket Nos. 20-2, 20-4, 20-5, 20-7. A Defendant can waive his right to removal by taking action that "indicate[s] a submission to the jurisdiction of the state Court." *Bolivar Sand Co., Inc. v. Allied Equipment, Inc.,* 631 F. Supp. 171, 172 (W.D. Tenn. 1986) (citations omitted). As the *Bolivar* Court stated, "the general rule is

that [defendant's] actions must evidence a 'clear and unequivocal' intent to waive the right to remove." *Id.*, at 172 (citations omitted). The Sixth Circuit has adopted the "clear and unequivocal" standard. *Regis Associates v. Rank Hotels,* 894 F.2d 193, 195 (6th Cir. 1990).

As the *Bolivar* Court further stated:

> The critical factor in determining whether a particular defensive action in the state court should operate as a waiver of the right to remove is the defendant's intent in making the motion. If the motion is made only to preserve the *status quo ante* and not to dispose of the matter on its merits, it is clear that no waiver has occurred. On the other hand, if a motion seeks a disposition, in whole or in part, of the action on its merits, the defendant may not attempt to invoke the right to remove after losing on the motion.
>
> . . .
>
> Thus, if a potentially dispositive motion, *such as a motion to dismiss*, is made and argued by the defendant, the state court's adverse decision cannot be "appealed" to [a federal district court] by way of removal.

631 F. Supp. at 173 (emphasis added, citation omitted).

By filing and pursuing a Motion to Dismiss the State Court lawsuit (which Motion was denied), Defendants waived their right to remove that action to this Court.

Plaintiff also seeks an award of his costs and expenses, including his attorneys' fees, pursuant to 28 U.S.C. § 1447(c), which provides in relevant part, "An Order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court has broad discretion to award fees under § 1447(c), and no finding of bad faith or improper purpose is required. *Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 240 (6th Cir. 1993).

The U.S. Supreme Court has recently provided the appropriate standard for an award

4

under § 1447(c), stating, "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). The Sixth Circuit applied this standard in *Chase Manhattan Mortgage Corp. v. Smith*. 507 F.3d 910 (6th Cir. 2007). In *Smith*, defendants removed a mortgage foreclosure action that had been filed in the State Court. The District Court remanded the case and awarded costs and fees under § 1447(c). The District Court concluded that defendants did not have an objectively reasonable basis from which to conclude that federal question jurisdiction existed for removal, because Plaintiff's Complaint had relied exclusively upon state law.

As discussed above, the individual Defendant is an attorney, and his actions in attempting to remove this case were completely frivolous. The Court notes that this is not the first time that Defendant Sevier has attempted to remove an action from state Court to this Court that plainly was not removable. *See Brooke M. Sevier v. Chris Sevier,* Case No. 3:11-00247, United States District Court for the Middle District of Tennessee. In that case, Plaintiff Brooke Sevier had filed a divorce action in the Circuit Court for Davidson County. Defendant Chris Sevier removed that case to this Court, citing 28 U.S.C.§ 1332. Judge Haynes dismissed that action for lack of subject matter jurisdiction, in view of the domestic relations exception to federal diversity jurisdiction. Docket No. 9, Case No. 3:11-00247.

Approximately three weeks after Judge Haynes remanded that action to state Court, Defendant Chris Sevier filed a second Notice of Removal in the divorce action, this time alleging jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). Judge Haynes again remanded the case stating in relevant part:

> In his new notice of removal, the Defendant now asserts federal question jurisdiction. Defendant's notice of removal is merely an attempt to circumvent the Court's prior Order dismissing Case No. 3-11-00247. . . . It has long been settled that domestic relations matters should he resolved in state court, no matter how acrimonious. Accordingly, this action is REMANDED to the Circuit Court of Davidson County. The Defendant is warned that if he persists in attempting to remove a domestic relations action to this Court, he will be subject to all sanctions permitted by law.

Docket No. 11, Case No. 3:11-00425.

For the reasons stated above, the undersigned recommends that the instant Motion to Remand (Docket No. 19) be GRANTED, and that this action be remanded to the Circuit Court for Davidson County. The undersigned also recommends that Plaintiff be awarded his costs and expenses, including reasonable attorneys' fees, pursuant to 28 U.S.C. § 1447(c). The undersigned further recommends that Plaintiff be given twenty (20) days after the approval of this Report and Recommendation in which to file an appropriate Affidavit (or Affidavits) establishing these costs and expenses.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge